**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jason Brubacher, on behalf of the bankruptcy estate of Angelia Nichole Shockley via derivative standing | **DEFENDANTS**<br>American Bank & Trust of the Cumberlands |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dunham Hildebrand, PLLC<br>2416 21st Ave S., Ste 303, Nashville, TN 37212<br>Telephone No. 629 777-6519 | **ATTORNEYS** (If Known)<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Ste 100, Peachtree Corners, GA 30071<br>Telephone No. 770-246-3300 |
| **PARTY** (Check One Box Only)<br>□ Debtor  □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  X Other – Creditor, *via derivative standing*<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor  □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  X Other –Third-Party Transferee<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Creditor, with derivative standing, brings this cause of action to set aside and recover fraudulent transfers, to recover money on behalf of the bankruptcy estate and for related relief.   U.S. Statutes involved:   11 U.S.C. §§ 542; 544; 548; and 550.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71 – Injunctive relief – imposition of stay
- [] 72 – Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| X Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ TBD (seeking avoidance of transfer to mediate transferee) |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Angelia Nichole Shockley | BANKRUPTCY CASE NO.<br>19-00138 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Cookeville | NAME OF JUDGE<br>HARRISON |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF: Jason Brubacher | DEFENDANT: Angelia Nichole Shockley; Randal Risher | ADVERSARY PROCEEDING NO.<br>**2:19-ap-90110** |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING: MDTN | DIVISION OFFICE: Cookeville | NAME OF JUDGE: Harrison |

SIGNATURE OF ATTORNEY (OR PLAINTIFF) */s/ Gray Waldron*

| DATE<br>February 13, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gray Waldron |
|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| IN RE: | ) | CHAPTER: | 7 |
| | ) | | |
| ANGELIA NICHOLE SHOCKLEY. | ) | CASE NO.: | 19-00138 |
|     Debtor. | ) | JUDGE: | HARRISON |
| | ) | | |
| JASON BRUBACHER, with derivative | ) | | |
| standing on behalf of the bankruptcy estate, | ) | ADV. PROC. | _____ |
| | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| AMERICAN BANK & TRUST OF THE | ) | | |
| CUMBERLANDS | ) | | |
| | ) | | |
|     Defendant. | ) | | |

## ADVERSARY COMPLAINT

Jason Brubacher, ("Mr. Brubacher" or "Plaintiff"), by and through undersigned counsel, on behalf of the bankruptcy estate of Debtor Angelia Nichole Shockley, in accordance with the *Order Granting Derivative Standing to Pursue Avoidance Actions* entered on April 17, 2019 [Bankr. Docket No. 25] (the "Derivative Standing Order"), files this action against Defendant, American Bank & Trust of the Cumberlands ("ABT") seeking (i) avoidance of the lien of ABT on certain real property owned by the Debtor's bankruptcy estate; or (ii) alternatively, a monetary judgment against ABT, as a mediate transferee of a fraudulent transfer equal to the value of the property so transferred. The Plaintiff's federal grounds for these claims are 11 U.S.C. §§ 542, 544, 548 and 550; and supplemental state grounds are Tenn. Code Ann. §§ 66-3-305, 66-3-306, and 66-3-308. In support of this Complaint, the Plaintiff states as follows:

## I. PARTIES

1. Mr. Brubacher is a creditor of the Debtor and of an affiliated debtor (Lyfe Tea, LLC; Debtor in Case No. 19-00137). Mr. Brubacher is authorized to prosecute this action on behalf of the bankruptcy estate in accordance with the Derivative Standing Order.

2. ABT is a lender and secured creditor holding a consensual lien on the Real Property (defined later herein) now owned by the Debtor's bankruptcy estate. ABT may be served with process through its Registered Agent, Marty Maynord, located at 808 West Main Street, Livingston, TN 38570-1722.

## II. JURISDICTION & VENUE

3. Jurisdiction to entertain this proceeding is conferred upon this Court by 28 U.S.C. § 151 and § 157(b). Pursuant to 11 U.S.C. § 105(a), this Court may issue any order, process or judgment necessary or appropriate to carry out the provisions of this title.

4. Venue to entertain this proceeding is properly laid with this Court pursuant to 28 U.S.C. § 1408 and § 1409(a).

5. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

## III. STATEMENT OF FACTS[1]

### A. *Pre-Bankruptcy*

6. Years prior to the date of filing of this bankruptcy case, Mr. Brubacher and the Debtor, Angelia Nichole Shockley ("Ms. Shockley") were married and were also business partners in multiple companies, including Lyfe Tea, LLC. Mr. Brubacher and Ms. Shockley divorced in May 2016.

7. As part of the divorce, Ms. Shockley was obligated and ordered to, *inter alia*: (i) pay the parties' joint federal income tax liability for tax year ending December 31, 2015; and (ii) with specific reference to a separate agreement concerning the division of business ownership interests, pay Mr.

---

[1] Many of the facts set forth herein mirror the facts set forth in the Adversary Complaint filed as Docket No. 1 in the related Adversary Proceeding filed in this bankruptcy case as Case No. 2:19-ap-90110. To avoid confusion, Mr. Brubacher restates the probative facts for this Adversary Proceeding here.

Brubacher $500,000.00 over sixty (60) months[2] as compensation and consideration for his interest in Lyfe Tea.

8. As part of the divorce, and in consideration of the obligations she acquired, including but not limited to those obligations addressed above, Ms. Shockley was awarded, *inter alia*: (i) ownership of 2088 Buffalo Valley Road, Cookeville, Tennessee 38501 (the "Real Property"); and (ii) ownership in Lyfe Tea.

9. In conjunction with the divorce, Mr. Brubacher executed a Quitclaim Deed to Ms. Shockley regarding the Real Property. At such time, Ms. Shockley became the sole owner of the Real Property, in fee simple absolute.

10. On or about May 1, 2017, Ms. Shockley listed the Real Property for sale at a price of $414,929.00.

11. On or about May 15, 2017, Ms. Shockley removed, or caused to be removed, the sales listing for the Real Property.

12. At the time Ms. Shockley had the Real Property listed for sale, it had no mortgages and no encumbrances.

13. On or about August 16, 2018, Ms. Shockley executed a Warranty Deed conveying her interest in the Real Property to her then-boyfriend, Randal Risher ("Mr. Risher").

14. The face of the Warranty Deed from Ms. Shockley to Mr. Risher indicates Ms. Shockley received $10.00 as consideration for the transfer and, in the notary section of the deed, further states that the "*actual consideration or value, whichever is greater, for this transfer is $0.*" [Ex. A, the Warranty Deed].

15. At the time Ms. Shockley transferred the Real Property, the Real Property had a value in excess of $400,000.00 and was not encumbered by any liens.

16. At the time Ms. Shockley transferred the Real Property, she owed the Plaintiff in excess of $300,000.00, and she further owed the Internal Revenue Service in excess of $300,000.00.

---

[2] The terms of the agreement incorporated into the divorce are: $500,000 with 6% annual interest accruing as of January 1, 2017, to be paid at $9,666.40 per month for 60 months beginning February 1, 2017 and the 1st day of each month thereafter until paid in full.

17. Ms. Shockley has testified that, even after the she transferred the Real Property, she continued to reside in the Real Property.

18. Other than the approximate two (2) weeks the Real Property was listed on the market through Skender-Newton Realty, the transfer of the Real Property was not marketed to any party other than the transferee, Mr. Risher.

19. On November 28, 2018, approximately three months after Mr. Risher acquired the Real Property from his insolvent girlfriend, Ms. Shockley, for no consideration, Mr. Risher obtained a loan from ABT pursuant to that certain *Consumer Real Estate Secured Balloon Note* in the original principal amount of $175,000.00 (the "Note"). [Claim No. 5]. The Note was secured on the Real Property through that certain *Deed of Trust* (the "Deed of Trust") executed by Mr. Risher in favor of ABT. [*Id.*].

20. Following execution of the Note and recording of the Deed of Trust, ABT advanced the full amount of the Note to Mr. Risher. As of the date of this Complaint, upon information and belief, the balance of the Note is $179,667.56.

21. Upon information and belief, upon receiving these funds, Mr. Risher and Ms. Shockley promptly spent the funds while both were insolvent.

22. Based on the plain language of the Warranty Deed, ABT had actual, constructive, and/or inquiry notice that the transfer of the Real Property from Ms. Shockley to Mr. Risher, which occurred approximately three months before ABT received an interest in the Real Property by and through the Deed of Trust, was for no consideration.

23. Upon information and belief, ABT conducted no due diligence or other investigation to determine (a) the solvency of Ms. Shockley at the time she executed the Warranty Deed, or (b) the voidability of the transfer of the Real Property from Ms. Shockley to Mr. Risher at the time it received its lien interest in the Real Property.

B. *Post-Bankruptcy*

24. Ms. Shockley, individually (and also on behalf of Lyfe Tea, LLC), engaged bankruptcy counsel and authorized the filing of the underlying Chapter 11 bankruptcy case on January 10, 2019 (the "Petition Date").

25. Within the statements and schedules to the Petition, Ms. Shockley scheduled outstanding debts to Mr. Brubacher in excess of $300,000 and the Internal Revenue Service in excess of $400,000.00. [Bankr. Docket No. 1].

26. The Internal Revenue Service filed a Proof of Claim in the amount of $540,640.81, of which $375,119.72 is attributable to priority tax debt due for tax period ending December 31, 2015. [Claim No. 2].

27. The tax attributable to tax year 2015 is the same obligation addressed in the divorce, and for which Ms. Shockley is required to pay as ordered therein.

28. The hundreds of thousands of dollars owed to both Mr. Brubacher and to the Internal Revenue Service predated the transfer of the Real Property to Mr. Risher.

29. Ms. Shockley was acutely aware of the obligations to both Mr. Brubacher and to the Internal Revenue Service as the time of the Real Property transfer to Mr. Risher.

C. *The First Adversary Proceeding*

30. On June 6, 2019, Mr. Brubacher, on behalf of Ms. Shockley's bankruptcy estate pursuant to that certain *Order Granting Motion for Derivative Standing to Pursue Avoidance Actions* (Bankr. Docket No. 25) (the "Derivative Standing Order"), filed an adversary proceeding against Ms. Shockley and Mr. Risher, Case No. 2:19-bk-00138 (the "Risher Adversary Proceeding") seeking an order avoiding the transfer of the Real Property from Ms. Shockley to Mr. Risher pursuant to 11 U.S.C. §§ 542, 544, 548, and 550 and Tenn. Code Ann. §§ 66-3-305, 306, and 308.

31. On January 24, 2020, this Court entered the *Order Granting Default Judgment Against Angelia Nichole Shockley and Randal Risher* (Risher Adv. Docket No. 23) (the "Risher Order"), which, among other things, divested title of the Real Property from Mr. Risher and in the name of Ms.

Shockley for purposes of administration of the Real Property for the benefit of Ms. Shockley's bankruptcy estate.

## PLAINTIFF'S CLAIM FOR RELIEF

### Recovery of Transferred Property from ABT as Mediate Transferee
### Pursuant to 11 U.S.C. § 550

32. The Plaintiff hereby restates and incorporates by reference all preceding paragraphs.

33. The Plaintiff, pursuant to the Derivative Standing Order and 11 U.S.C. § 544, has the rights and powers of, or may avoid any transfer of property of the debtor that is voidable by, a judicial lien creditor of the debtor as of the Petition Date.

34. By virtue of being the fiancé of Ms. Shockley, Mr. Risher is, and at all times relevant was, an "insider" of Ms. Shockley as that term is defined in the Bankruptcy Code, the Tennessee Code, and caselaw interpretations of "non-statutory insiders" therefrom.

35. Ms. Shockley transferred an interest in her property (namely, the Real Property) to Mr. Risher without payment to her then existing creditors.

36. The Real Property transfer occurred on or about August 26, 2018; and, therefore, within two (2) years of the Petition Date. [*See* Ex. A, the Warranty Deed].

37. As evidenced by her prior sworn testimony and statements, Ms. Shockley knew of the existence of her unpaid debt to Plaintiff and her unpaid debt to the Internal Revenue Service, among other debts, at the time of the transfer. [Bankr. Docket No. 1].

38. Ms. Shockley received less than a reasonably equivalent value from Mr. Risher in exchange for the transfer of the Real Property. Based on the face of the Warranty Deed, Ms. Shockley received either $10 or no consideration for the transfer. [*See* Ex. A, the Warranty Deed].

39. No legitimate purpose for the Real Property transfer existed other than to hinder, delay or defraud Ms. Shockley's then existing creditors.

40. Ms. Shockley's fraudulent intent is evidenced by the typical "badges of fraud" including, but not limited to, (i) the transferee being her fiancé`; (ii) Ms. Shockley retaining possession of the transferred asset; (iii) Ms. Shockley owed hundreds of thousands of dollars in delinquent obligations

at the time of the transfer- namely, unpaid taxes to the IRS; (iv) the transfer was of Ms. Shockley's primary and most valuable asset; and (v) the amount of the proceeds from the transfer was unreasonably small in relation to the value of the asset transferred.

41. Ms. Shockley knew that the transfer would (and did) cause her to not have the ability to pay the Plaintiff or the outstanding 2015 tax obligations that were past due at the time of the transfer.

42. Ms. Shockley made the transfer with the actual intent to hinder delay or defraud Mr. Brubacher.

43. Ms. Shockley was insolvent at the time of the Real Property transfer or became insolvent as a result of the transfer. This is evidenced by, *inter alia*, the debt to Mr. Brubacher – acknowledged by Ms. Shockley to be an undisputed amount of at least $325,000 – not being paid at the time of the transfer and the remaining assets of Ms. Shockley post-transfer, being insufficient to pay her outstanding debts. [*See* Bankr. Docket No. 1]. This is further evidenced by Ms. Shockley having not paid her federal tax obligations corresponding to tax year ending December 31, 2015.

44. Ms. Shockley believed, or reasonably should have believed, that the transfer would (and did) cause her to not have the ability to pay Mr. Brubacher or the outstanding 2015 tax obligations that were past due at the time of the transfer.

45. The Real Property transfer from Ms. Shockley to Mr. Risher is avoidable and recoverable by the bankruptcy estate pursuant to 11 U.S.C. §§ 544, 548, and 550.

46. Additionally, the Real Property transfer is avoidable and recoverable by the bankruptcy estate pursuant to Tenn. Code. Ann. §§ 66-3-305, 66-3-306, and 66-3-308(a)(1).

47. On January 24, 2020, the Court entered the Risher Order, which (a) affirmatively established that the transfer of the Real Property from Ms. Shockley to Mr. Risher was both an actually fraudulent transfer and a constructively fraudulent transfer, (b) ordered that title to the Real Property be divested from Mr. Risher and revested in the name of Ms. Shockley for administration for the benefit of Ms. Shockley's bankruptcy estate, and (c) ordered a judgment against Mr. Risher and Ms. Shockley, jointly and severally, for $400,000.00, plus pre-judgment and post-judgment interest.

48. As of the date of entry of the Risher Order, the Real Property remains encumbered by ABT's Deed of Trust.

49. 11 U.S.C. § 550 provides that to the extent a transfer is avoided under 11 U.S.C. §§ 544 or 548, the trustee may recover, for the benefit of the estate, the property transferred, or the value of such property, from the initial transferee of such transfer or "any immediate or mediate transferee of such initial transferee," unless the mediate transferee took the transferred property for value, in good faith, and without knowledge of the voidability of the transfer avoided.

50. Tenn. Code Ann. § 66-3-309 provides that to the extent a transfer is voidable in an action under Section 66-3-308(a)(1), the creditor may recover judgment for the value of the asset transferred against (a) the initial transferee of such transfer, or (b) any subsequent transferee other than a good-faith transferee or oblige who took for value or from any subsequent transferee or obligee.

51. Based on the plain language of the Warranty Deed and as further set forth herein, ABT had either actual, constructive, or inquiry notice of the voidability of the transfer of the Real Property from Ms. Shockley to Mr. Risher when it received the Deed of Trust on the Real Property and otherwise did not accept such transfer in good faith.

52. The Deed of Trust constitutes a transfer of property that is avoidable and recoverable by the bankruptcy estate pursuant to 11 U.S.C. § 550 and Tenn. Code Ann. § 66-3-309(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Mr. Brubacher having set forth the claims for relief against ABT respectfully prays of the Court as follows:

A. An order binding upon ABT declaring that the transfer of the Real Property from Ms. Shockley to Mr. Risher be set aside for the benefit of the bankruptcy estate, as already set forth and memorialized in the Risher Order;

B. An order declaring that the Deed of Trust issued by Mr. Risher in favor of ABT be set aside for the benefit of the bankruptcy estate, as ABT is a mediate transferee of an interest of Ms. Shockley in the Real Property, by and through the Deed of Trust, that had actual, constructive, and/or

Case 2:20-ap-90020   Doc 1   Filed 02/13/20   Entered 02/13/20 12:16:18   Desc Main
Document      Page 9 of 12

inquiry notice of the voidability of the initial transfer of the Real Property to Mr. Risher and otherwise did not accept such transfer in good faith.

C. Alternatively, an order declaring that Mr. Brubacher, on behalf of the bankruptcy estate, is entitled to recover from ABT, as a mediate transferee of Mr. Risher, the value of the transfer in an amount to be proven at trial, and not less than $175,000.00 or the value of the interest in the Real Property so transferred at the time of the transfer, whichever is greater;

D. An Order granting Mr. Brubacher such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Gray Waldron*
HENRY E. ("Ned") HILDEBRAND, IV
GRAY WALDRON
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
629.777.6519
gray@dhnashville.com
*Counsel for Plaintiff*

Integrity Title & Escrow, LLC
380 S. Lowe Ave.
Cookeville, TN 38501

**Exhibit A**

Name  Randal Risher
Address  2088 Buffalo Valley Rd.
City  Cookeville  State  TN  Zip  38501

FOR AND IN CONSIDERATION of the sum of TEN ($10.00) DOLLARS cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged,

I, **Angelia Shockley**, have this day bargained and sold, and do hereby transfer and convey unto **Randal Risher**, his heirs and assigns, hereinafter referred to as "GRANTEE", the following described tract or parcel of land located in the SEVENTH CIVIL DISTRICT OF PUTNAM COUNTY, TENNESSEE, as follows:

Beginning at a 1/2" Rebar (Old), said Rebar being located in the southern right-of-way of Buffalo Valley Road (40' right-of-way), being the northeast corner of the plat entitled "Cane Creek Estates, Phase I" (P.C.B/P. 178), and being the northwest corner of the herein described tract; thence, leaving the eastern line of said Cane Creek Estates, Phase I and with the southern right-of-way of said Buffalo Valley Road, S 83°01'10" E, 164.30' to a 1/2" Rebar (Old), said Rebar being the northwest corner of Brandon W. Flatt (RB 572/P.341), and being the northeast corner of the herein described tract; thence, leaving the southern right-of-way of said Buffalo Valley Road and with the western line of said Flatt, S 44°49'42" E, 114.42' to a point, said point being located in the center of a branch; thence, continuing with the western line of said Flatt and with the center of said branch for the following three (3) calls: 1.) S 14°24'40" W, 27.59' to a point; 2.) S 23°07'22" E, 54.14' to a point; and 3.) S 33°07'42" E, 25.41' to a point, said point being located in the western line of Edmond P. Ryan (RB.710/P.241); thence, continuing with the center of said branch and with the western line of said Ryan for the following five (5) calls: 1.) S 27°20'21" E, 45.37' to a point; 2.) S 10°42'51" E,
126.85' to a point 3.) S 18°13'53" E, 109.68' to a point; 4.) S 05°00'22" W, 105.67' to a point; and 5.) S 08°34'25" W, 35.65' to a 1/2" Rebar (New) set this survey; thence, leaving the center of said branch and with the southern line of said Ryan, S 67°17'43" E, 214.82' to a 5/8" Rebar (Old), said Rebar being located in the western line of D.A. & Peggy Joyce Clingan (DB.295/P.605); thence, leaving the southern line of said Ryan and with the western line of said Clingan, S 06°11'45" W, 15.50' to a point, said point being located in the center of Cane Creek; thence, continuing with the western line of said Clingan and with the center of said Cane Creek for the following seven (7) calls: 1.) S 31°47'44" W, 231.43' to a point; 2.) S 46°39'50" W, 74.56' to a point; 3.) S 17°53'38" W, 139.76' to a point; 4.) S 36°25'37" W, 207.31' to a point; 5.) S 49°00'37" W, 176.68' to a point; 6.) S 68°23'37" W, 70.03' to a point; and 7.) S 66°30'38" W, 173.03' to a point, said point being located in the eastern lien of Florence E. Caldwell (DB.174/489), and being the southeast corner of the herein described tract; thence, leaving the western line of said Clingan and the center of said Cane Creek, and with the eastern line of said Caldwell for the following two (2) calls: 1.) N 47°20'22" W, passing through a 1/2" Rebar (New) set this survey at 6.46', in all 322.17' to a 2" Iron Pipe (Old), said Iron Pipe being the southwest corner of the herein described tract; and 2.) N 37°46'41" E, 230.58' to a Metal Fence Post, said Metal Fence Post being located in the eastern line of the plat entitled "Cane Creek Estates, Phase II" (P.C./P.188); thence, leaving the northern line of said Caldwell and with the eastern line of said Cane Creek Estates, Phase II for the following five (5) calls: 1.) N 32°50'27" E, 230.10' to a 1/2" Rebar (New) set this survey; 2.) N 00°55'16" E, 200.44' to a 3/8" Rebar (Old); 3.) N 01°15'17" E, 73.33' to a 1/2" Rebar (Old); 4.) N 16°25'31" E, 229.72' to a 1/2" Rebar (New) set this survey; and 5.) N 08°18'24" E, 221.90' to a 1/2" Rebar (Old), said Rebar being located in the eastern line of said Cane Creek Estates, Phase I for the following three (3) calls: 1.) S 88°09'39" E, 81.37' to a 1/2" Rebar (Old); 2.) N 00°53'39" E, 64.43' to a 1/2" Rebar (Old); and 3.) N 11°08'48" W, 97.69' to the point of beginning, containing 15.11 Acres by Survey. Actual field survey performed under the direct personal supervision of Wayne E. Shanks, R.L.S. #2818, Whittenburg Land Surveying, LLC, 214 East Stevens Street, Cookeville, Tennessee on October 31, 2014.

MAP 054, PARCEL 70.08

THE PREVIOUS AND LAST conveyance being a Quit Claim Deed from Jason Brubacher to Angelia

I further covenant and bind myself, my heirs and representatives, to warrant and forever defend the title to said real estate to said GRANTEE, his heirs and assigns, against the lawful claims of all persons.

WITNESS our hands this the 16th day of August, 2018

_____
Angelia Shockley

STATE OF TENNESSEE )
COUNTY OF PUTNAM )

PERSONALLY APPEARED before me, David L Moore, Notary Public of this county, **Angelia Shockley**, the within named bargainor(s), with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who acknowledged that she executed the within instrument for the purposes therein contained.

WITNESS OUR HANDS, at office this 16th day of August, 2018

_____
NOTARY PUBLIC

My Commission Expires: 11-17-18

STATE OF TENNESSEE
COUNTY OF PUTNAM

The actual consideration or value, whichever is greater, for this transfer is $ 0

_____
AFFIANT

Subscribed and sworn to before me, this the 16 day of August, 2018

_____
NOTARY PUBLIC

My Commission Expires: _____

```
                        Harold Burris, Register
                        Putnam County
Rec #:  164215      Instrument #: 216978
Rec'd:   10.00          Recorded
State:    0.00      8/16/2018 at 12:11 PM
Clerk:    0.00      in Record Book
Other:    2.00           1074
```