
Marian F. Harrison
US Bankruptcy Judge

Dated: 5/4/2020



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-00138-MH2 |
| | ) | |
| ANGELIA NICHOLE SHOCKLEY, | ) | CHAPTER 7 |
| | ) | |
| Debtor, | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| JASON BRUBACHER, with derivative standing on behalf of the bankruptcy estate, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADV. NO. **2:20-ap-90020** |
| | ) | |
| AMERICAN BANK & TRUST OF THE CUMBERLANDS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PRETRIAL ORDER

A pretrial conference was held telephonically on April 16, 2020, the following counsel appeared:

Henry E. ("Ned") Hildebrand, IV, Attorney for Plaintiff.

## PLEADINGS

No further pleadings will be filed in this matter except with leave of Court.

1

## STATEMENT OF THE ISSUES

1. Whether the ABT's acquisition of ABT's lien interest in the Real Property constitutes a transfer of property that is avoidable under 11 U.S.C. §§ 544 or 548, and or Tenn. Code Ann § 66-3-308, and, therefore, recoverable by the bankruptcy estate pursuant to 11 U.S.C. § 550 and or Tenn. Code Ann § 66-3-309(b)?

2. Whether, under the applicable legal standard, ABT is a good faith transferee and took the transfer without knowledge of its voidability.

3. Whether, under the circumstances, ABT had a duty to conduct any due diligence or other investigation to determine (a) the solvency of Ms. Shockley at the time she executed the Warranty Deed, or (b) the voidability of the transfer of the Real Property from Ms. Shockley to Mr. Risher at the time it received its lien interest in the Real Property.

4. Whether, based on the plain language of the Warranty Deed and other circumstances, ABT had either actual, constructive, or inquiry notice of the voidability of the transfer of the Real Property from Ms. Shockley to Mr. Risher when it received the Deed of Trust on the Real Property.

5. Whether ABT qualifies as a bona fide purchaser for value, in good faith and without knowledge, such that it would not be liable as a mediate transferee?

## FINAL DISPOSITION

All parties consent to final disposition of this adversary proceeding by the bankruptcy court.

## DISCOVERY

The parties are directed to conduct discovery so that all discovery will be completed not later than *July 31, 2020*. Discovery which would require a later due date shall be permitted only on an order of court or by filed stipulation of the parties, and only if the trial will not be delayed.

## MOTIONS

No dispositive motions – that is, motions under Fed. R. Bankr. P. 7012 or 7056 – shall be filed. Any remaining pretrial motions involving issues that may need to be addressed before or at the beginning of the trial shall be filed with the Court no later than *seven (7) days* prior to the commencement of trial.

## WITNESSES

The names of witnesses, their addresses and a brief summary of the area of testimony of each witness shall be furnished to opposing counsel immediately upon discovery, but in no event later than *seven (7) days* prior to the trial date. The length of time required for giving notice of taking of depositions as to any witness not disclosed

3

until five days before trial shall be reduced if the usual time cannot be given because of the imminence of trial.

Inability to require the attendance of a witness at trial shall not be the basis for a motion for continuance of the trial unless a written subpoena has been issued at least *seven (7) days* prior to the trial date.

## EXHIBITS

*By close of business on September 18, 2020*, the parties shall:

1. Pre-mark all exhibits, with the plaintiff using numbers beginning with **1001** and the defendant using numbers beginning with **2001**.
2. Exchange copies of pre-marked exhibits and make available for inspection, upon request, the originals thereof.
3. File and exchange exhibit lists.
4. *Deliver three copies of the exhibits and exhibit list to Carol Merritt, Courtroom Deputy.*

## ELECTRONIC EVIDENCE

Unless this trial is being held in Cookeville or Columbia, Tennessee, the parties shall comply with the Electronic Evidence Procedures ("EEP") for the electronic submission of evidence using the Electronic Evidence Submission Application ("EESA") accessible through the Electronic Case Filing system ("ECF"). **The parties are responsible for accessing and presenting electronic evidence in the courtroom.**

## STIPULATIONS

The parties will confer and file with the Court **by close of business on September 18, 2020,** detailed stipulations of fact and stipulations concerning the authenticity and admissibility of documents and exhibits.

## PRETRIAL BRIEFS

Pretrial briefs discussing applicable law shall be filed **by close of business on September 18, 2020.**

## TRIAL DATE

Trial will commence on **September 24, 2020 at 9:00 a.m. in Courtroom Three, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee.**

## ALTERNATIVE DISPUTE RESOLUTION

Mediation by an ADR neutral will be scheduled upon request by any party.

## EFFECT OF PRETRIAL ORDER

This action shall proceed to trial pursuant to the stipulations of the parties and this order and no amendments shall be made to this order except upon written motion and for good cause shown. **Failure to comply with requirements of this order may result in dismissal of the action, default, assessment of costs including attorney's fees, or other penalties.**

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.